■ NEW YORK STATE MORTGAGE LOAN ENFORCEMENT AND ADMINISTRATION CORPORATION et al., Respondents, v NEW COLONY CAMP HOUSES, INC., et al., Defendants, and E. PACKER WILBUR et al., as Limited Partners of CARLKEN MANOR ASSOCIATES, Appellants.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly determined that service upon the Secretary of State on behalf of the general partners was sufficient to obtain personal jurisdiction over the limited partnership (CPLR 311 [1]; Business Corporation Law § 304 [a]). We find no basis on this record to support a finding of misconduct on the part of plaintiffs to justify the vacating of the default.

The foreclosure sale, however, should have been rescinded. No judgment of foreclosure was ever entered and the Referee exceeded his authority by selling the property when the order of reference empowered him only to compute the amount due

under the mortgage and to examine and report whether the premises could be sold in parcels, pursuant to RPAPL 1321 (1) (see, *Hartsfield v City of New York, Div. of Real Prop.,* 146 AD2d 141, 145). (Appeal from Order of Supreme Court, Orleans County, Gorski, J.—Vacate Foreclosure.) Present—Callahan, J. P., Boomer, Pine, Boehm and Doerr, JJ.